UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUIS ALBERTO ZERON ZUNIGA | : | CIVIL ACTION NO. |
| | : | |
| VERSUS | : | |
| | : | JUDGE: |
| MASSE CONTRACTING, INC., CRAIG P. | : | |
| MASSE, BOLLINGER CALCASIEU, LLC, AND | : | |
| FOUR STAR ENTERPRISES, LLC | : | MAGISTRATE: |

**COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiff Zeron Zuniga, a person of the full age of majority and resident of the Parish of LaFourche, who respectfully avers as follows:

1.

Made Defendants herein are:

A.    MASSE CONTRACTING, INC., a Louisiana Corporation, domiciled in the Parish of LaFourche, State of Louisiana;

B.    CRAIG P. MASSE, a person of the full age of majority and resident of the Parish of LaFourche.

C.    BOLLINGER CALCASIEU, LLC d/b/a Bollinger Ship Yards a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana;

D.    FOUR STAR ENTERPRISES, LLC, a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana.

2.

Defendants are indebted unto plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, attorney's

fees, interest on attorney's fees, costs, with interest thereon from the date of judicial demand until paid pursuant to the Trafficking Victims Protection Reauthorization Act of 2003, 18 USCS § 1595; The Louisiana Victims of Human Trafficking Act, La. R.S. 46:2163; The Racketeer Influenced and Corrupt Organizations Act, 18 USCS § 1962(c), (d); the Civil Rights Act of 1866; the Ku Klux Klan Act of 1871, 42 USCS § 1985; national origin and race discrimination pursuant to 42 U.S.C. § 1981; violations of Fair Labor Standards Act, 29 USCS § 206 et seq.;  Abuse of Process and forced labor under under 18 USCS § 1589(3); The Thirteenth Amendment to the United States Constitution; Breach of duty pursuant to La. C.C. Art. 2315 et. seq.;  among other violations factualy plead but not particularized herein.

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States.

4.

This Court has supplemental jurisdiction over Plaintiff's Louisiana State Law causes of action pursuant to 28 U.S.C. 1367.

5.

Plaintiff was recruited by Defendant Four Star Enterprises, LLC in Honduras under a visa program to be a welder in the United States.

6.

Plaintiff paid money for the visa and was transported by Four Star Enterprises, LLC to the town of Lockport, located in LaFourche Parish, State of Louisiana to be a welder.

7.

Upon arrival in the United States, Plaintiff was trafficked to Masse Contracting, Inc. to be

a general laborer to be paid at $12.00 per hour.  However, Plaintiff was bunked in housing owned by Masse Contracting, Inc.  and/or Craig P. Masse from which room and board was deducted from Plaintiff's pay, cleaning of the room was deducted from Plaintiff's pay.  Anytime Plaintiff was transported to a job, he was charged for transportation, all of which is in violation of the Fair Labor Standards Act and brings Plaintiff's pay below minimum wage.

8.

Specifically, Plaintiff was trafficked from Honduras to Lockport, Louisiana and ultimately to Lake Charles, Louisiana where Plaintiff was injured.  Plaintiff did not know where he was, had no transportation out and was severely restricted in his movements.  If Plaintiff did not comply with the unreasonable labor demands of the Defendants he was threatened with loss of room and board and loss of his Visa.

7.

Plaintiff was trafficked to Calcasieu Parish to demolish a World War II era Navy Destroyer at the Bollinger Ship Yard in Lake Charles, Louisiana.  The work was extremely dangerous and involved the removal and complete demolition of the destroyer.  Upon information and belief the ship that Plaintiff was working on had not been properly fumigated for asbestos removal and Plaintiff worked within the asbestos.  Defendants all intentionally and/or with deliberate indifference subjected Plaintiff to extremely dangerous asbestos materials without any protection.

8.

Defendants conspired to deprive Plaintiff of his civil rights in violation of the Constitution of the State of Louisiana and the Constitution of the United States and the laws pertinent thereto.

9.

Plaintiff was paid minimum wage, deductions were made for room and board, cleaning and

transportation.  Plaintiff was only paid for time at work.  Plaintiff was shuffled to different sub

contractors and paid separate checks for each job without overtime despite having worked more than

forty hours per week at the direction of Defendants in violation of the Fair Labor Standards Act 29

U.S.C. 206 et. seq.

10.

On or about August 17, 2015, while working for Defendants, Plaintiff was injured inside a

World War II Destroyer being demolished at Defendant Bollinger Ship Yard.

12.

Plaintiff went to the hospital with knee and back injuries.  Plaintiff has had his knee operated

on and is awaiting surgery on his back.

13.

Defendants conspired to create a facility where illegal demolition of asbestos ships can be

demolished by illegal immigrants who have no recourse years from now for the intentional exposure.

14.

Defendants owed a duty to Plaintiff to provide a safe work environment and breached that

duty by allowing Plaintiff to work in an unsafe work environment that caused Plaintiff harm.

15.

Defendants owed a duty to provide a facility that was safe for workers and Defendants

breached that duty by intentionally and/or negligently placing Plaintiff at harm.

16.

Although Plaintiff regularly worked in excess of 40 hours per week for Defendants, he was

not paid time and one-half for hours worked in excess of 40 per week, in direct violation of the Fair

Labor Standards Act.

17.

Furthermore, Defendants failed to maintain proper time records as mandated by the FLSA. The Equal Pay Act requires retention of compensation records and records that might explain pay differentials for two years. 29 C.F.R. § 1627.3(b)(3). The Federal Insurance Contributions Act requires employers to maintain wage and tax records for four years. I.R.C. § 3101; 26 C.F.R. §§ 31.6001-1 to 31.6001-5. The Federal Unemployment Tax Act requires wage and tax records to be maintained for four years. I.R.C. §3304; 26 C.F.R. § 31.6001-4.

18.

As a result of Defendants' tortious and illegal actions they are liable unto Plaintiff for the following non-exclusive particulars:

a. Any and all legal damages allowed under the laws of the United States of America and the Sovereign State of Louisiana;

b. Loss of wages, earnings and earning potential;

c. Severe emotional distress;

d. Pain and suffering;

e. Great bodily injury;

f. Actual damages;

g. Compensatory damages;

h. Punitive damages;

i. Attorney's fees for the handling and prosecution of this matter;

j. Any penalties applicable under the laws of the State of Louisiana;

k. Exemplary and punitive damages allowed according to law;

l. Judicial Interest and costs;

m.   Interest on attorney's fees;

n.   Such other acts and omissions as will be shown on the trial, all of which were in contravention of the exercise of due care, prudence, and/or the laws of The United States of America, East Baton Rouge Parish and the State of Louisiana.

o.   Any and all equitable relief allowed under the law.

19.

Defendants are also liable unto petitioner under the provisions of Louisiana Civil Code Articles 2315, 2317 and 2322, due to the fact that the hazardous working conditions which caused Plaintiff's injury constituted a defective and dangerous condition of the premises, and that the defendants had ultimate custody, control and supervision of said premises.

20.

Defendants actions are willful and malicious and entitle Plaintiff to treble damages pursuant to La. R.S. 46:2163.

21.

Plaintiff is entitled to treble damages pursuant to 18 U.S.C. §§ 1961-1968 Racketeer Influenced and Corrupt Organizations Act (RICO).

22.

Plaintiff is entitled to punitive damages pursuant to La. R.S. 46:2163, 42 U.S.C. § 1981, 42 U.S.C. § 1985 and 18 USCS § 1589 and any other causes of action applicable to the facts plead herein.

23.

Plaintiff avers that Defendants knew or were in a position to know of the unreasonably dangerous condition which caused the injury to Plaintiff and failed to remedy the situation prior to

the condition causing injury.

24.

At all times material hereto, Plaintiff acted reasonable under the circumstances and was without fault.

25.

All Defendants are solidarily liable for the damages suffered by Plaintiff.

WHEREFORE, Petitioner/Plaintiff Zeron Zuniga prays that this petition be deemed good and sufficient that Defendants Masse Contracting, Inc., Craig P. Masse, Bollinger Calcasieu, LLC, and Four Star Enterprises, LLC be served summons along with a copy of this complaint and after the expiration of all legal delays and due proceedings are had that there be judgment rendered herein in favor of Plaintiff Luis Alberto Zeron Zuniga and against Defendants for all damages of such type and amounts as this Honorable Court may deem fit and proper in the premises, together with costs, attorneys fees, legal interest and interest on attorneys' fees from date of judicial demand forward along with any other relief justice and equity demand.

Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300