UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUIS ALBERTO ZERON ZUNIGA AND | : | CIVIL ACTION NO. 16-13909 |
| UBENCE MEZA-ORELLANA | : | CONSOLIDATED WITH 16-13975 |
| | : | APPLIES TO ALL CASES |
| VERSUS | : | |
| | : | SECTION: "H" |
| MASSE CONTRACTING, INC., CRAIG P. | : | JANE TRICHE MILAZZO |
| MASSE, FOUR STAR ENTERPRISES, LLC | : | |
| BOLLINGER CALCASIEU, LLC, BOLLINGER | : | MAGISTRATE DIVISION: (1) |
| SHIPYARDS LOCKPORT, LLC, BOLLINGER | : | JUDGE JANIS VANMEERVELD |
| SHIPYARDS, LLC | : | |

**FIRST AMENDED COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiffs Zeron Zuniga and Ubence Meza-Orellana, both persons of the full age of majority and residents of the Parish of LaFourche, who hereby amend and supplement their original complaints with all claims relating back to the original date of filing as follows:

1.

Made Defendants herein are:

A. MASSE CONTRACTING, INC., a Louisiana Corporation, domiciled in the Parish of LaFourche, State of Louisiana;

B. CRAIG P. MASSE, a person of the full age of majority and resident of the Parish of LaFourche.

C. BOLLINGER CALCASIEU, LLC d/b/a Bollinger Ship Yards a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana;

D. FOUR STAR ENTERPRISES, LLC, a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana;

E.     BOLLINGER SHIPYARDS LOCKPORT, LLC, a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana; and

F.     BOLLINGER SHIPYARDS, LLC, a Louisiana Limited Liability Company, domiciled and doing business in the Parish of LaFourche, State of Louisiana.

2.

Defendants are indebted unto plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, exemplary damages, attorney's fees, interest on attorney's fees, costs, with interest thereon from the date of judicial demand until paid pursuant to the Trafficking Victims Protection Reauthorization Act of 2003, 18 USCS § 1595; The Louisiana Victims of Human Trafficking Act, La. R.S. 46:2163; the Civil Rights Act of 1866; the Ku Klux Klan Act of 1871, 42 USCS § 1985(3); national origin and race discrimination pursuant to 42 U.S.C. § 1981; violations of Fair Labor Standards Act, 29 USCS § 206 et seq.; Abuse of Process and forced labor under under 18 USCS § 1589(3); intentional torts under Louisiana Law along with other violations factually plead but not particularized herein and those raised in discovery.

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States.

4.

This Court has supplemental jurisdiction over Plaintiffs' Louisiana State Law causes of action pursuant to 28 U.S.C. 1367.

5.

Plaintiffs are of Hispanic descent and their national origin is from Latin America. They were recruited by Defendant Four Star Enterprises, LLC in Honduras under a visa program to be welders in the United States.

6.

Plaintiffs paid money for the visas and were transported by Four Star Enterprises, LLC to the town of Lockport, located in LaFourche Parish, State of Louisiana to be welders.

7.

Upon arrival in the United States, Plaintiffs were trafficked to Masse Contracting, Inc. to be general laborers instead of welders and were paid only $12.00 per hour. However, Plaintiffs were bunked in housing owned by Masse Contracting, Inc. and/or Craig P. Masse from which room and board was deducted from Plaintiffs' pay, cleaning of the room was deducted from Plaintiffs' pay. Anytime Plaintiffs were transported to a job, they were charged for transportation, all of which is in violation of the wage and labor laws of the United States of America and the State of Louisiana.

8.

Specifically, Plaintiffs were trafficked from Honduras to Lockport, Louisiana and ultimately to Lake Charles, Louisiana where Plaintiffs were injured working for Bollinger Calcasieu, LLC, Bollinger Shipyards Lockport, LLC, Bollinger Shipyards, LLC d/b/a Bollinger Ship Yards (hereinafter collectively referred to as "Bollinger"). Plaintiffs were routinely driven to unknown locations where they did not know where they were, had no transportation out and were severely restricted in movements.

9.

Plaintiffs were trafficked to Calcasieu Parish to demolish a World War II era Navy Destroyer at the Bollinger Ship Yard in Lake Charles, Louisiana. The work was extremely dangerous and

involved the removal and complete demolition of the destroyer. Upon information and belief the ship that Plaintiff was working on had not been properly fumigated for asbestos removal and Plaintiff worked within the asbestos. Defendants all intentionally and/or with deliberate indifference subjected Plaintiff to extremely dangerous asbestos materials without any protection. Plaintiffs are in fear of contracting mezothelioma and are in need of future monitoring for disease.

10.

Defendants formed a conspiracy to solicit individuals of Hispanic Descent, whose natural origin was from Central America under false pretenses to use them in an illegal forced labor scheme and conspired to deprive Plaintiffs of their civil rights in violation of the Constitution of the State of Louisiana and the Constitution of the United States and the laws pertinent thereto.

11.

Plaintiffs were paid minimum wage, deductions were made for room and board, cleaning and transportation which brought the wage below the minimum required by law. Plaintiffs were only paid for time at work. Plaintiffs were shuffled to different sub contractors and paid separate checks for each job without overtime despite having worked more than forty hours per week at the direction of Defendants in violation of the wage and labor laws of the United States of America and the State of Louisiana.

12.

On or about August 17, 2015, while working for Defendants, Plaintiff Zuniga was injured inside a World War II Destroyer being demolished at Defendant Bollinger Ship Yard.

13.

Plaintiff went to the hospital with knee and back injuries. Plaintiff has had his knee operated on and is awaiting surgery on his back.

14.

On or about August 21, 2015, while working for Defendants, Plaintiff Meza was injured inside a World War II Destroyer being demolished at Defendant Bollinger Ship Yard. Plaintiff was demolishing a floor and suffered a head injury from a valve above his head sustaining brain injuries.

15.

Plaintiff went to the hospital with a concussion and brain injury.

16.

Defendants conspired to create a facility where illegal demolition of asbestos ships can be demolished by trafficked labor who have no recourse years from now for the intentional exposure.

17.

Defendants formed a conspiracy to attract Hispanic laborers under false pretenses and then insert them into the most dangerous of working conditions without proper protection and safety gear. Defendants knew or should have known that the working conditions at Bollinger would result in the injuries sustained and Defendants consciously chose to place Plaintiffs in harms way.

18.

Although Plaintiffs regularly worked in excess of 40 hours per week for Defendants, they were not paid time and one-half for hours worked in excess of 40 per week, in direct violation of the the wage and hour laws on the United States and the State of Louisiana.

19.

As a result of Defendants' tortious and illegal actions Defendants are liable unto Plaintiffs for the following non-exclusive particulars:

    a.    Any and all legal damages allowed under the laws of the United States of America and the Sovereign State of Louisiana;

b. Loss of wages, earnings and earning potential;

c. Severe emotional distress;

d. Pain and suffering;

e. Great bodily injury;

f. Actual damages;

g. Compensatory damages;

h. Punitive damages;

i. Attorney's fees for the handling and prosecution of this matter;

j. Any penalties applicable under the laws of the State of Louisiana;

k. Exemplary and punitive damages allowed according to law;

l. Judicial Interest and costs;

m. Interest on attorney's fees;

n. Such other acts and omissions as will be shown on the trial, all of which were in contravention of the exercise of due care, prudence, and/or the laws of The United States of America, East Baton Rouge Parish and the State of Louisiana.

o. Any and all equitable relief allowed under the law.

20.

Defendants are also liable unto petitioner under the provisions of Louisiana Civil Code Articles 2315, 2317 and 2322, due to the fact that the hazardous working conditions which caused Plaintiff's injury constituted a defective and dangerous condition of the premises, and that the defendants had ultimate custody, control and supervision of said premises.

21.

Defendants actions are willful and malicious and entitle Plaintiff to treble damages pursuant

to La. R.S. 46:2163.

22.

Plaintiffs are entitled to punitive damages and/or exemplary damages pursuant to La. R.S. 46:2163, 42 U.S.C. § 1981, 42 U.S.C. § 1985 and 18 USCS § 1589 and any other causes of action applicable to the facts plead herein.

23.

Plaintiffs aver that Defendants knew or were in a position to know of the unreasonably dangerous condition which caused the injury to Plaintiff and failed to remedy the situation prior to the condition causing injury.

24.

At all times material hereto, Plaintiff acted reasonable under the circumstances and was without fault.

25.

All Defendants are solidarily liable for the damages suffered by Plaintiff.

WHEREFORE, Plaintiffs Zeron Zuniga and Ubence Meza-Orellana pray that this complaint be deemed good and sufficient that Defendants Masse Contracting, Inc., Craig P. Masse, Four Star Enterprises, LLC, Bollinger Calcasieu, LLC, Bollinger Shipyards Lockport, LLC and Bollinger Shipyards, LLC be summoned along with a copy of this complaint and after the expiration of all legal delays and due proceedings are had that there be judgment rendered herein in favor of Plaintiffs Luis Alberto Zeron Zuniga and Ubence Meza-Orellana against all Defendants for all damages of such type and amounts as this Honorable Court may deem fit and proper in the premises, together with costs, attorneys fees, legal interest and interest on attorneys' fees from date of judicial demand forward along with any other relief justice and equity demand.

        Respectfully submitted by:

        */s/Jean-Paul Robert*
        Jean-Paul Robert, Bar # 27628
        Attorney at Law, L.L.C.
        2315 S. Burnside Ave.
        Gonzales, LA 70737
        Tel:  (225) 647-9200
        Fax: (225) 647-9300

## **CERTIFICATE OF SERVICE**

I hereby certify that the preceding memorandum has been delivered via electronic Service to:

Brandon E. Davis, T.A.
David M. Korn
Maryjo L. Roberts
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

on this 7th day of February, 2017.

        by:

        */s/Jean-Paul Robert*
        Jean-Paul Robert, Bar # 27628
        Attorney at Law, L.L.C.
        2315 S. Burnside Ave.
        Gonzales, LA 70737
        Tel:  (225) 647-9200
        Fax: (225) 647-9300