# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUIS ALBERTO ZERON ZUNIGA | CIVIL ACTION |
| VERSUS | NUMBER:  16-13909 |
| | CONSOLIDATED WITH 16-13975 |
| | APPLIES TO ALL CASES |
| MASSE CONTRACTING, INC., | |
| CRAIG P. MASSE, | |
| BOLLINGER CALCASIEU, LLC, and | SECTION:  "H" |
| FOUR STAR ENTERPRISES, INC. | JANE TRICHE MILAZZO |
| | MAGISTRATE DIVISION:  (1) |
| | JUDGE JANIS VAN MEERVELD |

## MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS AND RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

Defendants, Masse Contracting, Inc. ("Masse Contracting"), Craig P. Masse ("Craig Masse"), Bollinger Calcasieu, LLC ("Bollinger Calcasieu"), Bollinger Shipyards Lockport, LLC ("Bollinger Lockport"), Bollinger Shipyards, LLC ("Bollinger Shipyards"), and Four Star Enterprises, Inc. ("Four Star") (collectively "Defendants"), submit this memorandum to support their Rule 12(b)(6) Motion to Dismiss Luis Alberto Zeron Zuniga ("Zuniga") and Ubence Meza-Orellana's ("Meza-Orellana") (collectively "Plaintiffs") First Amended Complaint ("Amended Complaint").[1]  (R. Doc. 24).  Alternatively, Defendants pray this Court would order Plaintiffs to provide a more definite statement of their claims in accordance with Fed. R. Civ. P. Rule 12(e).

## I.    STATEMENT OF THE CASE AND RELEVANT FACTS

The Court should dismiss the Amended Complaint because Plaintiffs still fail to state a claim for relief.  Plaintiffs initially filed two separate complaints that were virtually identical with the exception of one paragraph pertaining to the alleged unique injuries of each Plaintiff.

---

[1]    Defendants expressly reserve and maintain all rights, defenses, motions, and objections, and without waiver thereof, appear solely for the limited purpose of supporting their Rule 12(b)(6) and Rule 12(e) Motion in response to Plaintiffs' Amended Complaint.

Zuniga's original complaint was filed in Case 2:16-cv-13909 on August 17, 2016. Meza-Orellana's original complaint was filed in Case 2:16-cv-13975 on August 19, 2016. This Court consolidated those cases by order dated October 12, 2016. *See* R. Doc. 11. Subsequently, Defendants filed a Rule 12(b)(6) Motion to Dismiss and Rule 12(e) Motion for More Definite Statement. *See* R. Doc. 12. This Court granted Defendants' Motion to Dismiss without prejudice on January 18, 2017. *See* R. Doc. 21. Plaintiffs filed a First Amended Complaint on February 7, 2017. *See* R. Doc. 24. But the Amended Complaint still fails to state a claim upon which relief can be granted, or is so unfocused and hollow that it cannot be answered.

Plaintiffs again purport to allege violations of (1) the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPA"); (2) the Louisiana Victims of Human Trafficking Act ("LVHTA"); (3) the Ku Klux Klan Act of 1871 (§ 1985(3)); and (4) the Fair Labor Standards Act ("FLSA"). *Id.* Plaintiffs also again purport to allege (5) national origin and race discrimination under 42 U.S.C. § 1981 and the Civil Rights Act of 1866; (6) abuse of process and forced labor under 18 U.S.C. § 1589(3); (7) negligence pursuant to Louisiana Civil Code article 2315, and (8) unspecified intentional torts under Louisiana law. *Id.* Finally, Plaintiffs again allege (9) "other violations factually plead but not particularized herein and those raised in discovery." *See id* at ¶ 2.

But these claims are still factually unsubstantiated and are no different than the claims the Court previously dismissed. *See* R. Doc. 21. Just as before, Plaintiffs claim Four Star recruited them in Honduras under a visa program to be welders in the United States. *Id.* at ¶ 5. Upon arrival in the United States, Plaintiffs allege they were trafficked to Masse Contracting to be general laborers. *Id.* at ¶ 7. Additionally, Plaintiffs claim deductions were made from their pay in violation of state and federal wage and labor laws. *Id.* Plaintiffs conclude they were

2

"trafficked" to Calcasieu Parish to demolish a World War II era Navy Destroyer at the Bollinger Shipyard and that "Defendants all intentionally and/or with deliberate indifference subjected Plaintiff to extremely dangerous asbestos material without any protection." *See id* at ¶ 9. Plaintiff Zuniga alleges he sustained injuries to his knee and back while working inside the World War II Destroyer. *Id.* at ¶¶ 12-13.  And Plaintiff Meza-Orellana asserts he "suffered a head injury from a valve above his head sustaining brain injuries" and that he "went to the hospital with a concussion and brain injury." *See id*. at ¶¶ 14-15.

These allegations were dismissed by virtue of the Court's January 18, 2017, Order and are still afforded no relief under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  The Louisiana Workers' Compensation Statute is the exclusive remedy for Plaintiffs' allegations concerning workplace injuries.  And Plaintiffs' intentional tort claims fail because Plaintiffs do not allege an injury.  Plaintiffs fail to allege facts to show they are entitled to relief under the FLSA.  And Plaintiffs' § 1981 and § 1985 allegations still lack specific allegations that would allow Plaintiffs to advance beyond the pleadings phase of litigation.  The human trafficking and forced labor allegations raised in the Amended Complaint should be dismissed because there still are <u>no</u> facts concerning involuntary servitude, fraud or coercion.  Finally, Plaintiffs' allegations against Craig Masse in his individual capacity are unsupportable because Craig Masse (admittedly)[2] was not Plaintiffs' employer.  For these reasons and those discussed more fully herein, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate because the Amended Complaint does not show any relief is warranted.  Alternatively, because the Amended Complaint lacks sufficient facts to establish any claim or to provide adequate notice to Defendants, a more definite statement is warranted under Fed. R. Civ. P. 12(e).

---

[2]    Plaintiffs allege they worked for Bollinger. See R. Doc. 24 at ¶ 8.

PD.20937640.4

## II.   STANDARD OF REVIEW

**A.     Rule 12(b)(6) Motion to Dismiss.**

When considering this Motion to Dismiss, the Court should analyze whether Plaintiffs now assert sufficient facts to maintain each of the nine causes of action repeated in the Amended Complaint.  *See* R. Doc. 24.  Just as before, Plaintiffs must plead "enough facts to state a claim [for] relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  This means the Complaint must "contain either direct allegations on every material point necessary to sustain a recovery" "or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  Conclusory allegations are insufficient.  Rather, Plaintiffs must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  So if, as here, "…the complaint lacks an allegation regarding a required element necessary to obtain relief," then dismissal is appropriate.  *Id.*

**B.     Rule 12(e) Motion for More Definite Statement.**

Alternatively, when "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."  *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  A Rule 12(e) motion may also be granted "if a pleading fails to specify the allegations in a manner that provides sufficient notice."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Because this Amended Complaint still contains conclusory allegations that are not supported with sufficient facts, and Plaintiffs still admit the Amended Complaint alleges "other violations factually pled but not particularized herein," Defendants are actually "expected to move the court, pursuant to Rule 12(e), to require the Plaintiff to file a more definite statement."

4

*Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).[3]  In accordance with this legal standard, Defendants pray the Court would order Plaintiffs to file a more definite statement if the Court determines Plaintiffs' claims still are not ripe for dismissal under Rule 12(b)(6).

## III.   LEGAL ANALYSIS

### A.   Rule 12(b)(6) Motion to Dismiss.

#### 1.   Plaintiffs' Tort Claims are Unsupportable and Should be Dismissed.

As before, Plaintiffs allege negligence and intentional torts in the Amended Complaint. *See* R. Doc. 24 at ¶¶ 2 and 20.  But neither theory is supportable.

##### a.   Plaintiffs' Negligence Claims are Barred by Workers' Compensation Exclusivity.

With respect to negligence, Plaintiffs allege they suffered knee, back, head, and brain injuries while working for Defendants.  *See* R.Doc. 24 at 12-15.  But these workplace injury claims should be dismissed because the *exclusive* remedy for negligence-based workplace injuries is the compensation prescribed by the Louisiana Workers' Compensation Statute, La. Rev. Stat. § 23:1032.  The Louisiana's Workers' Compensation Statute provides:

> Except for intentional acts […] the rights and remedies herein
> granted to an employee or his dependent on account of an injury,
> or compensable sickness or disease for which he is entitled to

---

[3]    Courts in this district consistently grant Rule 12(e) motions to ensure that a defendant has fair notice of a plaintiff's claim(s) against it.  *See Bethea v. St. Paul Guardian Ins. Co.*, No. 02-1444 2002 WL 31697714 (E.D. La. Oct. 20, 2002); *Johnson v. Danzig*, No. 00-2369 2001 WL 562080, at *3 (E.D. La. May 22, 2001).  A court may dismiss the complaint with leave to amend or order the plaintiff to provide claims and factual allegations within a specified period of time.  *See Edwards v. Allstate Prop. & Cas. Co.*, No. 04-24342005 WL 221558, at *4 (E.D. La. Jan. 27, 2005).  Dismissal with prejudice is appropriate if a plaintiff does not provide a more definite statement that complies with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" of plaintiff's claims.  *See e.g., Matthews v. Social Security of La.*, No. 01-2267 2002 WL 1022267, at *2 (E.D. La. May 20, 2002); *Frito-Lay, Inc. v. WAPCO Constructors, Inc.*, 520 F.Supp. 186, 188 (M.D. La. 1981).  The Fifth Circuit has affirmed dismissals of complaints when plaintiffs have failed to provide more definite statements of claims.  *See Beanal*, 197 F.3d at 164.

> compensation under this Chapter, shall be exclusive of all other
> rights, remedies, and claims for damages […]

*Id.*  Louisiana Courts of Appeal routinely dismiss negligence claims brought outside of the Louisiana Workers' Compensation Statute.[4]  Because Plaintiffs seek damages for alleged severe emotional distress, pain and suffering, and great bodily injury caused by alleged defective and dangerous workplace conditions, these claims are undoubtedly barred by the Louisiana Workers' Compensation Statute – especially because these allegations are no different than the assertions that have already been dismissed.  *See* R. Doc. 21; *see also* La. Rev. Stat. § 23:1032.[5]

The same result applies to Plaintiffs' negligence-based occupational disease allegations. *See* R. Doc. 24 at ¶ 9; *see also* La. Rev. Stat. § 23:1032.  The determinative factor that controls Plaintiffs' occupational disease claims is that Plaintiffs allege no physical injury caused by an alleged exposure to asbestos.  *See generally* R. Doc. 24.  And Plaintiffs simply cannot recover damages for injuries that do not exist.  *White v. Monsanto, infra.*  Further, any recovery for an injury caused by negligence is barred by virtue of Workers' Compensation exclusivity.  *See*

---

[4]    *See e.g.*, *Thomas v. Kenton*, 425 So. 2d 396, 398 (La. App. 3 Cir. 1982) (affirming dismissal of negligence claim against employer on exception of no cause of action); *Gallant v. Transcon. Drilling Co.*, 471 So. 2d 858, 861 (La. App. 2 Cir. 1985) (holding negligent or grossly negligent conduct insufficient to constitute an intentional tort); *Bergeron v. Murphy Oil, USA, Inc.*, 05-0271 (La. App. 4 Cir. 4/28/05); 903 So. 2d 496, 500 (concluding that negligent acts in employment are covered by workers' compensation); *see also, e.g.*, *Broussard v. Smith*, 08-473 (La. App. 3 Cir. 12/3/08); 999 So. 2d 1171 (affirming dismissal of failure to provide safe work environment claim against employer brought by murdered employee's father); *Arnold v. Answer Group, Inc.*, No. 07-1039, 2008 WL 2699917, at *1 (W.D. La. July 10, 2008) (dismissing plaintiff's claims of negligent hiring and retention as barred by Louisiana's Workers' Compensation laws); *Ferrell v. Shell Oil Co.*, No. 95-0568, 1995 WL 324623, at *6 (E.D. La. May 26, 1995) (recognizing that negligent infliction of emotional distress claim was barred by Louisiana's Workers' Compensation statute).

[5]    It is important to note that Plaintiffs allege that Plaintiff Zuniga's workplace injuries occurred on or about August 17, 2015. Plaintiff Zuniga filed his initial complaint on August 17, 2016; therefore, to the extent any of Plaintiffs' alleged workplace injuries pre-date the August 17, 2015 date alleged in ¶ 12 of the Amended Complaint, those claims are prescribed under La. Civ. Code art. 3492 as well as La. Rev. Stat. § 23:1209(A)(1).  Moreover, to the extent Plaintiffs assert coverage under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-944, (which Defendants do not concede is applicable) the LHWCA is the exclusive remedy for such alleged negligence-based workplace injuries.  *Id.*  Further, by virtue of the allegations in ¶ 12 of the Amended Complaint, R. Doc. 24, any claims predating August 17, 2015, are prescribed under 33 U.S.C. § 913(a).  Similarly, Plaintiffs allege that Plaintiff Meza-Orellana's workplace injuries occurred on or about August 21, 2015. Plaintiff Meza-Orellana did not file his initial complaint until August 19, 2016; therefore, to the extent that any of his injuries actually occurred before August 19, 2015, they are prescribed for the same reasons as stated above.

PD.20937640.4

*Rando v. Anco Insulations Inc.,* 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1071. Therefore, all of Plaintiffs' negligence claims should be dismissed with prejudice by virtue of workers' compensation exclusively.

### b.      Plaintiffs' International Tort Allegations are Unmerited.

In an attempt to avoid Workers' Compensation exclusivity, Plaintiffs claim Defendants intentionally exposed them to asbestos. *See* R. Doc. 24 at ¶ 9. Even still, this allegation falls short of the pleading requirement needed to move forward in litigation. Workers' Compensation exclusions apply when a worker *is actually injured* as a result of an employer's intentional act. *See also White v. Monsanto Co.,* 585 So. 2d 1205 (La.1991)*; Mouton v. Blue Marlin Specialty Tools, Inc.,* 01-648 (La. App. 3 Cir. 10/31/01), 799 So. 2d 1215. But there is no allegation of an actual injury in the Amended Complaint. Rather, Plaintiffs say they are only "in fear of contracting mezothelioma [sic] and are in need of future monitoring for disease." R. Doc. 24 at ¶ 9. These premature allegations simply do not establish a right to recovery under Louisiana law.

Plaintiffs who seek medical monitoring must allege that the monitoring relates to a manifest physical or mental injury or disease. *See Robertson v. Chevron USA, Inc.*, No. CV 15-874, 2017 WL 679406, at *10–11 (E.D. La. Feb. 21, 2017); *Royal v. Exxon Mobil Corp.*, No. CIV.A. 12-00081, 2012 WL 380305, at *1 (E.D. La. Feb. 6, 2012). There is no "manifest physical or mental injury or disease" alleged here. *Id.* Rather, Plaintiffs only allege they "are in fear or contracting mezothelioma [sic] and are in need of future monitoring for disease." *See* R. Doc. 24 at 9. These allegations do not state a claim for medical monitoring under *Robertson*, 2017 WL 679406.

The short of the matter is that this case is now predicated on an alleged fear of contracting cancer at some unspecified time in the future. *See* R. Doc. 24 at ¶ 9. But recovery

for fear of contracting a disease is permissible in Louisiana only under limited circumstances, that are not present here.  The Louisiana Supreme Court does not "permit the recovery of compensatory damages for a 'slight' exposure to asbestos, which placed plaintiffs at a 'slightly' increased risk of contracting cancer in the future, in the absence of evidence that any plaintiff currently has cancer, or any other asbestos-related condition."  *Bonnette v. Conoco, Inc.*, 837 So. 2d 1219, 1236 (La. 2003).  Further, "while a plaintiff may recover for a 'cancerphobia' without stating he is suffering mental distress, a plaintiff must, as a threshold matter, present evidence of his particular fear of developing cancerous conditions in the future to support the recovery." *Asbestos v. Bordelon, Inc.*, 726 So. 2d 926, 963 (La. App. 4 Cir. 1998), *decision clarified on reh'g* (Dec. 9, 1998) *(*citing *Smith v. A.C. & S., Inc.,* 843 F.2d 854, 859 (5th Cir.1988)).  None of the allegations  in the Amended Complaint particularize any fear that Plaintiff Zuniga or Plaintiff Orellana has of developing cancer.  And Plaintiffs' claims about a deliberately unsafe work environment are equally unfounded.  *See* R. Doc. 24 at ¶¶ 9, 17.

The notion that Plaintiffs can recover because their (still unspecified) employer allegedly maintained a dangerous workplace does not pass legal muster.  Louisiana courts narrowly construe the intentional tort exception and have almost universally held that employers are not liable for violations of safety standards or for failing to provide safety equipment.[6]  Moreover, "[m]ere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton  conduct  by  an  employer  constitute  wrongdoing."[7]   Furthermore,  simply  believing someone may eventually be hurt or will probably be hurt if a workplace practice continues is also

---

[6]     *See Jasmin v. HNV Central Riverfront Corp*., 94–1497 (La. App. 4 Cir. 8/30/94); 642 So. 2d 311 (failure to provide safe working environment in grain storage bin is not an intentional act of employer); *Leger v. Hardy Rice Drier, Inc.,* 93–1512 (La. App. 3 Cir. 6/1/94); 640 So. 2d 650 (maintaining forklift in unsafe condition is not an intentional tort); *Williams v. Gervais F. Favrot Co., Inc.*, 573 So. 2d 533 (La. App. 4 Cir. 1991) (violations of OSHA and other accepted industry safety standards are not intentional torts).
[7]     *Frank v. Shell Oil Co*., 828 F. Supp. 2d 835, 849 (E.D. La. 2011), on reconsideration in part, No. CIV.A. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) (quoting *Reeves v. Structural Preservation Systems*, 731 So.2d 208, 213 (La.1999)).

not enough to be considered an intentional act that gives rise to a cognizable claim. *Williams v. Syngenta Corp.*, No. CV 15-644-SDD-RLB, 2016 WL 807762, at *5 (M.D. La. Feb. 3, 2016), *report and recommendation adopted*, No. CV 15-644-SDD-RLB, 2016 WL 888865 (M.D. La. Mar. 1, 2016).   The law is clear that recovery for an intentional act requires proof that the tortfeasor knew that harm is "substantially certain to follow," meaning that injury or harm is inevitable or virtually sure to occur. *Id*.  The allegations in the Amended Complaint simply do not satisfy these mandatory pleading requirements. *See generally*, R. Doc. 24.

Finally, to the extent Plaintiffs attempt to avoid the exclusivity provisions by characterizing their neck, back and brain injury allegations as intentional torts, no remedy is available.  The allegations in paragraphs 13-15 of the Amended Complaint must be accepted as true under *Twombly*.  Those allegations do not say Plaintiffs were intentionally injured. *See* R. Doc. 24 at ¶¶ 13-15.  In fact, Plaintiffs still have not identified any physical injury resulting from an intentional tort.  To state a claim for an intentional tort, a plaintiff must allege the tortfeasor "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 263 (5th Cir. 2014).  In this case, Plaintiffs merely allege "Defendants knew or should have known that the working conditions at Bollinger would result in the injuries sustained and Defendants consciously chose to place Plaintiffs in harms [sic] way."  R. Doc. 24 at ¶ 17.  These allegations do not allege the requisite specific intent because there is no allegation that Defendants consciously desired any physical result associated with the work assignment. *See, Harper*, 575 F. App'x 261, 263.  *See also* R. Doc. 24.  As such, Plaintiffs fail to state a claim for intentional torts upon which relief can be granted.

2.      **Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted Under the FLSA.**

The Amended Complaint still lacks the basic factual specificity needed to state a FLSA claim.  To state a claim for overtime or minimum wage violations under the FLSA, Plaintiffs must allege: (1) they were employed during the time period involved and an employee-employer relationship existed; (2) they were engaged in commerce or the production of goods for commerce, or they were employed by an enterprise engaged in commerce or production of goods for commerce; (3) their employer failed to pay the minimum wage or overtime required by law; and (4) the amount of compensation due.  *England v. Adm'r s of the Tulane Educ. Fund*, No. CV 16-3184, 2016 WL 3902595, at *2 (E.D. La. July 19, 2016).  None of these basic allegations are present in the Amended Complaint.

As a threshold matter, Plaintiffs do not allege they had an employee-employer relationship with Masse Contracting, Craig Masse, or Four Star.  *See* R. Doc. 24 at ¶ 8.[8] Accordingly, Plaintiffs fail to state a FLSA claim with respect to these particular Defendants. And to the extent Plaintiffs attempt to allege Bollinger Calcasieu, Bollinger Lockport, and Bollinger Shipyards were Plaintiffs' employers, those FLSA claims also fail because Plaintiffs do not allege those Defendants are actually subject to the FLSA regulations, and because there are no allegations specifying the amount of compensation owed in this case.  *See generally*, R. Doc. 24.

Enterprise coverage is a touchstone allegation required in every FLSA case.  *England*, 2016 WL 3902595 at *2.  To be subject to the FLSA, an employer must be engaged in commerce or the production of goods for commerce or its employees must be engaged in such activities.

---

[8]     Specifically, Plaintiffs allege they were trafficked from Honduras to Lockport, Louisiana,  and ultimately to Lake Charles, Louisiana, where Plaintiffs were injured working for Bollinger Calcasieu, LLC, Bollinger Shipyards Lockport, LLC, Bollinger Shipyards, LLC d/b/a Bollinger Ship Yards (hereinafter collectively referred to as "Bollinger").

*See* 29 U.S.C.A. § 207.   The Amended Complaint fails to plead enterprise coverage, so Plaintiffs' claims under FLSA must fail.  *See England*, 2016 WL 3902595, at *3 (finding that Plaintiffs failed to state a claim under the FLSA when the plaintiff's complaint failed to allege enterprise coverage).

But more importantly, a plaintiff satisfies FLSA pleading requirements by pleading sufficient facts to put the defendant on notice as to the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was under-compensated. *England*, 2016 WL 3902595, at *3 (*quoting Mejia v. Bros. Petroleum, LLC*, No. 12-2841, 2015 WL 3619804, at *6 (E.D. La. June 9, 2015)).  The Amended Complaint does not have allegations about the approximate date ranges or approximate number of hours worked. *Compare id. with* R. Doc. 24.   Moreover, Plaintiffs do not allege the amounts deducted from their pay.  As such, the Amended Complaint lacks the requisite specificity of the approximate date ranges and approximate number of hours worked for which Plaintiffs claim they were undercompensated.   As a whole, these assertions are too vague to establish any claim upon which relief may be granted under the FLSA.  *See England*, 2016 WL 3902595, at *3 (finding that Plaintiff failed to state a claim under the FLSA when he did not allege approximate date ranges or number of hours worked for which he was undercompensated).

### 3.     Plaintiffs Fail to State a Claim for Conspiracy under § 1985.

To state a claim for recovery based on 42 USC 1985(3), a Plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy;  (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States; and (5)

PD.20937640.4

an allegation that the conspirators were motivated by racial, or otherwise class-based, invidiously discriminatory intent. *See* 42 USCS § 1985.  Instead of alleging specific facts to support a § 1985(3) conspiracy claim, Plaintiffs still conclude, "Defendants formed a conspiracy to solicit individuals of Hispanic Descent, whose natural [sic] origin was from Central America under false pretenses to use them in an illegal forced labor scheme and conspired to deprive Plaintiffs of their civil rights in violation of the Constitution of the State of Louisiana and the Constitution of the United States and the laws pertinent thereto." *See* R. Doc. 24 at ¶ 10.  Plaintiffs also conclude, "Defendants conspired to create a facility where illegal demolition of asbestos ships can be demolished by trafficked labor who have no recourse years from now for the intentional exposure." *Id.* at ¶ 16.  Finally, Plaintiffs conclude, "Defendants formed a conspiracy to attract Hispanic laborers under false pretenses and then insert them into the most dangerous of working conditions without proper protection and safety gear." *Id.* at ¶ 17.  As a whole, these allegations do not comply with the pleading requirements essential to a conspiracy claim under § 1985(3).[9]

In *Rouse v. Benson*, the  § 1985 conspiracy claim was summarily dismissed because of the plaintiff's failure to "allege with particularity and specifically demonstrate with material facts *that the defendants reached an agreement*" to deprive the plaintiff of his rights.  *Rouse v. Benson*, 193 F.3d 936, 943 (8th Cir. 1999) (citing *City of Omaha Employees Ass'n v. Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)) (emphasis added).  This case is analogous because Plaintiffs claim Defendants "formed a conspiracy to solicit individuals . . . and conspired to deprive Plaintiff of his civil rights", "conspired to create a facility . . .", and "formed a conspiracy to attract Hispanic laborers under false pretenses. . .," but make no mention of any agreement between these Defendants nor exactly which Defendants were part of the alleged conspiracies.

---

[9]  A "complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."  *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999).

PD.20937640.4

*See* R. Doc. 24 at ¶ 10, 16, 17.  Additionally, the Amended Complaint contains no allegations of actions taken in furtherance of these alleged conspiracies, nor does it make clear which Defendants were part of any alleged conspiracies.  Further, Plaintiffs fail to allege that they were injured or, in fact, in any way affected by these alleged conspiracies.  Because a Rule 12(b)(6) motion should be granted where a § 1985 plaintiff "does not allege sufficient facts to demonstrate any violation of his [constitutional] rights," *see Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000), Plaintiffs' § 1985 claims should be dismissed.

### 4.    Plaintiffs Fail to State a Claim Under § 1981.

Defendants reiterate that Plaintiffs have again failed to state facts relevant to Plaintiffs' nationality and this is why Plaintiffs' § 1981 claim should be dismissed.  National origin refers to the country from which a person or their ancestors came – their birthplace.  *Espinoza v. Farah Mfg. Co.*, 462 F.2d 1331, 1333 (5th Cir. 1972), *aff'd sub nom. Espinoza v. Farah Mfg. Co.*, 414 U.S. 86 (1973).  National origin must not be confused with ethnic or sociocultural traits or an unrelated status, such as citizenship or alienage.  *Espinoza*, 414 U.S. at 86.  Here, the Amended Complaint states that "Plaintiffs are of Hispanic descent and their national origin is from Latin America."  R. Doc. 24 at ¶ 5.  "Latin America" is not a country – it is a continent in the western hemisphere that is composed of numerous diverse countries and cultures.  Plaintiffs again fail to specifically identify their national origin.   As such, Plaintiffs fail to state a claim for discrimination based on national origin upon which relief may be granted.

Further, Plaintiffs claims under 42 U.S.C. § 1981 fail as a matter of law.  Section 1981 was passed to address race discrimination and states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

> persons and property as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties, taxes, licenses, and
> exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  To state a claim upon which relief may be granted under 1981, a plaintiff

must allege: (1) he is a member of a racial minority; (2) there was an intent to discriminate on the

basis of race by the defendant; and (3) the discrimination must concern the right to make and

enforce contracts, to sue, be parties, give evidence, or the enjoyment of the full and equal benefit

of all laws and proceedings for the security of persons and property. *See Green v. State Bar of

Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).

Here, Plaintiffs still purport to allege causes of action of "national origin and race

discrimination pursuant to 42 U.S.C. § 1981."  R. Doc. 24 at ¶ 2.  But, a § 1981 claim based on

national origin discrimination is not cognizable.  *See Oyedodun v. Dillard Univ.*, No. 03-0115,

2003 WL 21634305, at *2 (E.D. La. 2003) (holding that "[c]ourts have held that Section 1981 is

sufficiently narrow so that it does *not cover* discrimination based on religion, sex, or *national

origin*") (emphasis added); *Salazar v. Freeport Overseas Service Co.*, No. 99-1210, 2000 WL

1099391, at *3 (E.D. La. 2000) (concluding that "§1981 only applies to claims for race

discrimination and not claims for national origin discrimination").

Further, Plaintiffs still fail to sufficiently allege the requisite facts to establish: 1)

plaintiffs are members of a racial minority; 2) there was an intent to discriminate on the basis of

race by the defendant; and 3) the discrimination concerns one or more of the activities

enumerated in the statute.  *See Green*, 27 F.3d at 1086.  Indeed, a review of the Amended

Complaint shows Plaintiffs failed to assert any specific acts of discrimination.  Rather, Plaintiffs

only offer conclusory allegations of unfounded conspiracies to discriminate.  These conclusory

allegations are insufficient.  *See Carr v. Times Picayune Pub. Corp.*, 619 F. Supp. 94, 96 (E.D.

La. 1985) (finding plaintiff failed to state a claim under ¶ 1981 because plaintiff's complaint did

14

not allude to any purported acts of racial discrimination).  Because the Amended Complaint lacks facts to substantiate a viable claim under § 1981, Defendants' Motion to Dismiss should be granted.

### 5.      Plaintiffs' TVPA Trafficking Claims are Unsupportable and Should be Dismissed.

Plaintiffs' claims under the Trafficking Victims Protection Reauthorization Act still fail because Plaintiffs failed to allege sufficient facts concerning involuntary servitude that would support a TVPA trafficking claim.  *See* 18 U.S.C. § 1595.  The "phrase 'involuntary servitude' was intended ... 'to cover those forms of compulsory labor akin to African slavery[.]'"  *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 540 (3d Cir. 2012).  Although Plaintiffs referenced a conspiracy to use individuals in a "forced labor scheme" in the Amended Complaint, Plaintiffs never allege they were forced into labor.  Rather Plaintiffs state they were recruited under a visa program to work in the United States.  Furthermore, none of Plaintiffs assertions describe unreasonable demands akin to the unremitting horrors of African slavery.  *Compare* R. Doc. 24 at ¶ 10 *with Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 540 (3d Cir. 2012).  In fact, Plaintiffs do not offer any factual allegations beyond their vague conclusory allegations.  "Modern day examples of involuntary servitude have been limited to labor camps, isolated religious sects, or forced confinement."  *See Steirer v. Bethlehem Area Sch. Dist.*, 987 F.2d 989, 999 (3d Cir.1993) *abrogated on other grounds* recognized by *Troster v. Penn. State Dept. of Corr.*, 65 F.3d 1086 (3rd Cir.1995); *U.S. v. King*, 840 F.2d 1276, 1280 (6th Cir.1988) (religious sect violated 18 U.S.C. § 1584 where they "used and threatened to use physical force to make the children [at their camp] perform labor and the children believed they had no viable alternative but to perform such labor"); *U.S. v. Booker*, 655 F.2d 562, 563, 566 (4th Cir. 1981) (migrant labor camp held farm workers in involuntary servitude, forbade them from leaving without paying their debts,

PD.20937640.4

and enforced the rule with threats of physical harm, actual physical injury, and by kidnapping and returning to the farm workers who attempted to leave).  The bottom line is this Amended Complaint still has <u>no</u> allegations of forced confinement, labor camps, involuntary servitude, or threats of physical harm.  *See* R. Doc. 24 at ¶ 5.  Accordingly, Plaintiffs cannot establish a claim for relief under the TVPA and Defendants' Motion to Dismiss should be granted.

> **6.    Plaintiffs' LVHTA Claims are Unsupportable and Should be Dismissed.**

Similarly, Plaintiffs' allegations of Human Trafficking under La. Rev. Stat. § 46:2163 are also unmerited and should be dismissed.  La. Rev. Stat. § 46:2163 provides a state-law cause of action for alleged victims of human trafficking.  But the elements of the cause of action are set forth in La. Rev. Stat. § 14:46.2(A).  According to that statute, it is unlawful for any person to "knowingly recruit, harbor, transport, provide, solicit, receive, isolate, entice, obtain, or maintain the use of another person through fraud, force, or coercion to provide services or labor."  In the Amended Complaint, Plaintiffs concede they were "recruited by Defendant Four Star Enterprises, LLC in Honduras under a visa program to be a welder in the United States" and make <u>no</u> assertion of fraud, force, or coercion concerning their employment.  *See* R. Doc. 24 at ¶ 5.  Accordingly, Plaintiffs' state-law claims alleging human trafficking should also be dismissed because these claims still lack facts sufficient to establish a cause of action.

> **7.    Plaintiffs' Forced Labor Claims are Unsupportable and Should be Dismissed.**

The forced labor claims Plaintiffs assert under 18 U.S.C. § 1589(3) are no different than the other purported trafficking claims.  They are controlled by the same law referenced above in that they require elements of force, threats of force, or a scheme, plan, or pattern intended to cause the person to believe they would suffer serious harm if the labor services were not performed.  *Id.*  The Amended Complaint contains no such allegations.  Rather, as explained

16

above, Plaintiffs admit they entered the United States pursuant to a visa program to work as welders.  *See* R. Doc. 24 at ¶ 5.  None of Plaintiffs' assertions establish they were subjected to a scheme, plan or pattern concerning forced labor associated with threats of violence.  *See generally*, R. Doc. 24.  Accordingly, these forced labor claims should be dismissed for the same reasons that apply to Plaintiffs' human trafficking claims.

### 8.    Plaintiffs' Claims Based on "Other Violations" Fail as a Matter of Law

Plaintiffs again assert generalized claims of wrongdoing but fail to specify the exact wrongs, if any, that were actually committed and factual support for those claims.  *See id*. at ¶ 2.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly,* the pleading standard demands more than a simple accusation that the defendant has harmed the plaintiff. *Twombly*, 550 U.S., at 555, (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S., at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  Here, Plaintiffs alleged "other violations factually plead but not particularized herein and those raised in discovery."  Rec. Doc. 24 at ¶ 2.  These allegations do not put Defendants on notice of what wrongs they are being alleged to have committed.  Further, Plaintiffs' admit these claims are not particularized in the Amended Complaint nor is a factual basis for the claims plead in the Amended Complaint.  The inescapable conclusion is these allegations do not state a claim to relief that is plausible on its face.  Accordingly, these claims fail as a matter of law and should be dismissed.

PD.20937640.4

9.    **Plaintiffs' Claims Against Craig Masse are Legally Unsupportable.**

Defendant incorporates the foregoing sections by reference *in extenso* and pleads those defenses vis-à-vis the claims Plaintiffs purportedly raise against Craig Masse in his individual capacity.  In sum, Plaintiffs have still failed to establish claims against Craig Masse that are actionable here.  Specifically, Plaintiffs' claims against Craig Masse alleging negligence are barred by the Louisiana Workers' Compensation Act as the statute is the exclusive remedy; Plaintiffs' claims for intentional torts against Craig Masse fail as neither a precise intentional tort is alleged nor is it alleged that Craig Masse intended to commit an intentional tort or cause harm to the Plaintiffs; Plaintiffs' § 1985 conspiracy claim against Craig Masse fails because Plaintiffs have not alleged an agreement between Craig Masse in his individual capacity and any other parties or any act in furtherance of a conspiracy; Plaintiffs' § 1981 claim against Craig Masse is unsupportable because Plaintiffs failed to allege any specific acts of discrimination attributable to Craig Masse; and finally, Plaintiffs' TVPA, LVHTA, and forced labor claims against Craig Masse should be dismissed because Plaintiffs' allegations do not amount to involuntary servitude and no specific allegations have been made against Craig Masse concerning fraud or coercion. Critically, the allegations at ¶ 8 of the Amended Complaint do  not identify Craig Masse as Plaintiffs' employer.  *See* R. Doc. 24 at ¶ 8.  Accordingly, all claims against Craig Masse, in his individual capacity, fail as a matter of law.

B.    **Rule 12(e) More Definite Statement.**

When "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  As demonstrated above, Plaintiffs' claims are conclusory and unspecified, and Plaintiffs actually

concede that their allegations are not particularized. *See* R. Doc. 24 at ¶ 2. Such vague allegations are not acceptable under *Bell Atlantic* and *Campbell* because the Complaint must "contain either direct allegations on every material point necessary to sustain a recovery" "or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *See Campbell*, 43 F.3d 973, 975; *see also Bell Atlantic*, 550 U.S. 544, 570. Nevertheless, if the Court is still not inclined to dismiss Plaintiffs' unspecified assertions, then Plaintiffs should be ordered to file a more definitive statement to assert facts to support their allegations pursuant to Fed. R. Civ. P. 12(e).[10]

Despite ample opportunity to amend, Plaintiffs' claims are still vague and continue to lack factual allegations necessary to support their assertions. These unspecified and hollow claims are telling. Plaintiffs allege they were recruited by Four Star, but fail to state when or how they were recruited. *See* R. Doc. 24 at ¶ 5. Plaintiffs allege they paid money for visas and were transported to Louisiana to be welders, but they fail to assert who they paid and who they were supposed to work for as part of the alleged exchange. *Id*. at ¶ 6. Plaintiffs allege they were "trafficked" from Honduras to Louisiana where they were injured working for Bollinger, but they do not specify who "trafficked" them, how they were "trafficked," when they were "trafficked," and by what means they were "trafficked." *Id*. at ¶ 8. Although Plaintiffs allege they worked within asbestos at a shipyard, Plaintiffs do not specify when they worked within the alleged asbestos or whether they have actual injuries from the alleged exposure. *Id*. at ¶ 9.

Moreover, Plaintiffs assert several times that Defendants formed a conspiracy; however, Plaintiffs fail to allege which Defendants were involved, how the conspiracy was formed, when it was formed, whether there was an agreement, or what actions were taken in furtherance of the

---

[10]   For the sake of judicial economy, Defendants will not address the vague nature of each of the nine claims asserted in the Complaint *in seriatim* because those deficiencies are self-evident by virtue of Plaintiffs' admission that the Complaint asserts "other violations factually plead but not particularized herein." *See* R. Doc. 24 at ¶ 2.

PD.20937640.4

alleged conspiracy. *Id.* at ¶¶ 10, 16, 17. Finally, Plaintiffs allege their working conditions constituted a defective and dangerous condition of the premise; however, Plaintiffs do not assert which premise, conditions, and injuries followed as a result of those alleged conditions. *Id.* at ¶ 20. The bottom line is these vague allegations are insufficient to place Defendants on notice of the claims at issue. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Because these omissions deprive Defendants of sufficient notice to craft an appropriate responsive pleading, Plaintiffs should be ordered to file a more definite statement with respect to their claims pursuant to Fed. R. Civ. P. 12(e).

## IV.   CONCLUSION

Plaintiffs have again failed to state any claim that entitles them to relief. These claims alleging human trafficking are negated by Plaintiffs' admission that they entered the United States lawfully and worked pursuant to visas, as well as by the lack of facts to establish fraud, coercion or servitude akin to African slavery. Even though Plaintiffs allegedly sustained workplace injuries, those negligence-based claims are barred by the Louisiana Workers' Compensation Statute or other remedial statutes. To the extent intentional torts are alleged, there can be no recovery because no Plaintiff has alleged a manifest injury. Moreover, Plaintiffs' Constitutional claims under § 1981 and § 1985 are unsupportable because the requisite predicate facts (*i.e.,* nationality) and specific actions (*i.e.,* class-based discrimination) have not been alleged. Similarly, Plaintiffs' claims under the FLSA lack enterprise coverage allegations or basic facts to show the hours and date ranges that pertain to this unpaid wage claim. Finally, Plaintiffs' claims against Craig Masse as an individual are unfounded because Plaintiffs do not identify Craig Masse as an employer who is personally liable in this case. When Plaintiffs' unspecified and conclusory assertions are juxtaposed against the controlling law, it is clear Plaintiffs still have not asserted <u>any</u> cause of action against Defendants with respect to the

PD.20937640.4

aforementioned claims and dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6) is warranted.  Notwithstanding, if this Court is inclined to allow Plaintiffs' unsubstantiated claims to proceed despite these pleading deficiencies, Defendants pray this Court would order Plaintiffs to provide a more definitive statement of their claims pursuant to Fed. R. Civ. P. 12(e) so Defendants can be afforded a fair opportunity to craft an appropriate response to these unmerited assertions.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Brandon E. Davis*
BRANDON E. DAVIS, T.A. (#29823)
DAVID M. KORN (#21676)
MARYJO L. ROBERTS (#30692)
CATHERINE L. CRANFIELD (#37085)
Canal Place • 365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email:  davisb@phelps.com
       david.korn@phelps.com
       robertsm@phelps.com
       catherine.cranfield@phelps.com
**ATTORNEYS FOR DEFENDANTS,**
**MASSE CONTRACTING, INC., CRAIG P.**
**MASSE, BOLLINGER CALCASIEU, LLC, AND**
**FOUR STAR ENTERPRISES, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 21st day of March, 2017, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

*/s/ Brandon E. Davis*

PD.20937640.4