# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LUIS ALBERTO ZERON ZUNIGA**          **CIVIL ACTION**

**VERSUS**                            **NO: 16-13909 c/w 16-13975**

**MASSE CONTRACTING, INC ET AL.**      **SECTION: "H"(1)**
                                      **(Applies to all cases)**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 28). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiffs Luis-Alberto Zeron Zuniga and Ubence Meza-Orellana allege that they were recruited by Defendant Four Star Enterprises, LLC in Honduras under a visa program to be welders in the United States. After paying for the visa and arriving in the United States, however, Plaintiffs allege that they were trafficked to Defendant Masse Contracting, Inc. ("Masse") to

1

work as general laborers.  They allege that they were housed by Masse and that room, board, and transportation were deducted from their pay—bringing their pay below minimum wage.  They also allege that they were paid separately by subcontractors in order to avoid overtime pay.

In addition, Plaintiffs allege that they sustained physical injuries during their time working for Masse. First, they allege that while demolishing a World War II era Navy Destroyer at Defendant Bollinger Shipyards, LLC, they were exposed to asbestos.  They allege they were not given any protective gear while doing this dangerous work and now fear contracting mesothelioma.  Second, each Plaintiff alleges that he was injured in separate accidents while working on the destroyer.  Zuniga alleges that he suffered an injury to his knee and back on August 17, 2015.  Meza-Orellana alleges that he suffered a head injury, which resulted in a concussion and brain injury, while working aboard the destroyer on August 21, 2015.

Plaintiffs bring claims under the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPA"), the Louisiana Victims of Human Trafficking Act ("LVHTA"), and the Fair Labor Standards Act ("FLSA"). Plaintiffs also bring claims for civil rights conspiracy under 42 U.S.C. § 1985(3), race discrimination under 42 U.S.C. § 1981, and state law negligence and intentional torts. Defendants are Masse; Craig Masse; Bollinger Shipyards, LLC; Bollinger Shipyards Lockport, LLC; Bollinger Calcasieu, LLC; and Four Star Enterprises, LLC. This Court previously granted Defendants' first Motion to Dismiss on the record at oral argument and allowed the Plaintiffs an opportunity to amend their Complaints, which were brought in two separate but consolidated actions.  Plaintiffs thereafter filed a joint First

2

Amended Complaint on February 7, 2017, and Defendants' Second Motion to Dismiss, or alternatively Motion for a More Definite Statement, followed.  This Court will address each of Defendants' arguments in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

---

[1]Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

3

## LAW AND ANALYSIS

Defendants assert arguments for dismissal of each of Plaintiffs' claims. This Court will address each claim in turn.

### A. State Law Negligence and Intentional Torts

First, Defendants argue that Plaintiffs cannot succeed on their claims of workplace injury because the Louisiana Worker's Compensation statute is their exclusive remedy for negligence-based workplace injuries.[9]   They therefore argue that worker's compensation law bars Zuniga's claims regarding his knee and back injury and Meza's claims regarding his head injury, as well as their claims regarding their fear of contracting mesothelioma, an occupational disease.

Plaintiffs contend that their claims for workplace injury fall within the intentional act exception of Louisiana's worker's compensation law.[10]   The Louisiana Supreme Court has held that in an act is intentional when "the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result."[11]  Plaintiffs argue that Defendants intentionally trafficked them to an illegal job where they were injured.  They argue that by requiring Plaintiffs to work in an unreasonably dangerous environment they knew that their injuries were substantially certain to follow.

---

[9] *See* La. Rev. Stat. § 23:1032 ("Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive.").

[10] *See id.*

[11] Reeves v. Structural Pres. Sys., 731 So. 2d 208, 211 (La. 1999).

4

The Louisiana Supreme Court has stated that:

"Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." [A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the "substantial certainty" requirement. Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.[12]

Plaintiffs' Complaint alleges that, "Defendants knew or should have known that the working conditions at Bollinger would result in the injuries sustained and Defendants consciously chose to place Plaintiffs in harms [sic] way."[13] These allegations do not rise to the level of substantially certain or inevitable. Indeed, courts have held that knowingly allowing employees to be exposed to harmful work conditions does not constitute an intentional act.[14] Louisiana courts have also "almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment."[15] Accordingly, Plaintiffs' claims for physical injuries do not fall within the intentional tort exception of the worker's

---

[12] *Id.* (internal citations and quotations omitted).

[13] Doc. 24.

[14] *See* Frank v. Shell Oil Co., 828 F. Supp. 2d 835, 850 (E.D. La. 2011), o*n reconsideration in part,* No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("These allegations do not demonstrate Shell was 'substantially certain' Mr. Frank would be diagnosed with ALL Leukemia due to his exposure to benzene and benzene-related substances, but rather indicate that Shell 'knowingly permitt[ed] a hazardous work condition to exist, knowingly order[ed] claimant to perform an extremely dangerous job, or willfully fail[ed] to furnish a safe place to work,' all of which the Louisiana Supreme Court holds is insufficient for an intentional tort.").

[15] *Reeves*, 731 So. 2d at 211.

compensation act and are therefore barred by the act's exclusivity provision. Plaintiffs' claims for physical injuries are dismissed with prejudice.

## B. FLSA

Defendants next argue that Plaintiffs' Complaint fail to state an FLSA claim. In order to state a claim for unpaid overtime or minimum wages under the FLSA, a plaintiff must plead: "(1) that there existed an employer–employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime or minimum wage requirements; and (4) the amount of overtime or minimum wage compensation due."[16] Defendants contend that Plaintiffs have not alleged an FLSA claim because they (1) have not alleged an employee–employer relationship with three of the defendants, (2) they do not allege that the defendants are subject to FLSA regulations, and (3) they do not allege the amount of compensation owed.

"Allegations of a complaint must be sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[17] This notice requirement is satisfied in the FLSA context when the complaint contains the "approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claims he was under-compensated.[18]

---

[16] Mejia v. Brothers Petroleum, LLC, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015) (quoting Johnson v. Heckmann Water Resources, Inc., 758 F.3d 627, 630 (5th Cir. 2014)).

[17] Kidwell v. Dig. Intelligence Systems, LLC, No. 13-4064, 2014 WL 4722706, at *4 (N.D. Tex. Sept. 22, 2014) (quoting *Twombly*, 550 U.S. at 555).

[18] England v. Adm'rs of the Tulane Educ. Fund, No. 16-3184, 2016 WL 3902595, *3 (E.D. La. July 19, 2016).

Rule 8(a) does not require an FLSA complaint to be "replete with detailed factual allegations" so long as it provides the defendant with fair notice.[19]

Plaintiffs' allegations, however, are insufficient to satisfy these requirements. Plaintiffs do not allege a date range for which Plaintiffs worked, an approximation of the hours for which they were not compensated, or any instance in which they recall not being paid overtime. In Plaintiffs' Complaint, they allege both that they were paid $12.00 per hour and that they were paid minimum wage. In addition, Plaintiffs' Complaint does not allege which Defendant they consider to be their employer and whether that entity is subject to the provisions of the FLSA. Accordingly, these allegations are insufficient to put Defendants on notice regarding Plaintiffs' FLSA claims, and those claims are therefore dismissed.

### C. Conspiracy under § 1985

Next, Defendants move for dismissal of Plaintiffs' claims for conspiracy under 42 U.S.C. § 1985. Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." In order to prevail on a conspiracy claim under § 1985, Plaintiffs must show:

> (1) a conspiracy involving two or more persons;
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
> (3) an act in furtherance of the conspiracy;

---

[19] *See* Hoffman v. Cemex, Inc., No. 09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).

(4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.[20]

"In doing so the plaintiff must show that the conspiracy was motivated by a class-based animus."[21]

Defendants argues that Plaintiffs have failed to adequately plead a claim of conspiracy under 42 U.S.C. § 1985 because the Complaint fails to allege with particularity specific facts indicating that the Defendants reached an agreement to deprive plaintiffs of their rights.    Instead, they argue, the Complaint makes conclusory allegations that Defendants formed a conspiracy.

Plaintiffs' Complaint states that, "Defendants formed a conspiracy to solicit individuals of Hispanic Descent . . . to use them in an illegal forced labor scheme."[22] It also alleges that, "Defendants conspired to create a facility where illegal demolition of asbestos ships can be demolished by trafficked labor who have no recourse years from now for the intentional exposure."[23]    Plaintiffs' allegations that Defendants "formed a conspiracy" or "conspired" are conclusory. "The essence of a conspiracy is an understanding or agreement between the conspirators."[24] Plaintiffs' Complaint does not include any allegations regarding any agreement between the defendants to join in a conspiracy to these ends.  "[T]he operative facts of an alleged conspiracy under § 1985(3) must be pled with specificity; conclusory allegations . . .  lack the

---

[20] Randle v. Tregre, 147 F. Supp. 3d 581, 591–92 (E.D. La. 2015), *aff'd*, No. 15-31078, 2016 WL 6541575 (5th Cir. Nov. 3, 2016).
[21] *Id.*
[22] Doc. 24.
[23] Doc. 24.
[24] Holdiness v. Stroud, 808 F.2d 417, 425 (5th Cir. 1987).

requisite specificity to support a conspiracy claim."[25] It is well settled in the Fifth Circuit that "mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy."[26] Accordingly, Plaintiffs' claim for a civil rights conspiracy under § 1985 is dismissed.

### D. Race Discrimination under 42 U.S.C. § 1981

Next, Defendants allege that Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1981. Plaintiffs' Complaint purports to bring a claim for racial and national origin discrimination under § 1981. It states that, "Plaintiffs are of Hispanic descent and their national origin is from Latin America."[27]

As Defendants correctly point out, a claim for national origin discrimination is not cognizable under § 1981.[28] Section 1981 prohibits racial discrimination in the making and enforcement of contracts and is designed to include a federal remedy against discrimination in employment on the basis of race. A plaintiff must establish three elements to successfully allege a viable claim under § 1981: "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute."[29]

---

[25] Mays v. Bd. of Comm'rs Port of New Orleans, No. 14-1014, 2015 WL 1245683, at *9 (E.D. La. Mar. 18, 2015).
[26] McAfee v. 5th Circuit Judges, 884 F.2d 221, 222 (5th Cir. 1989).
[27] Doc. 24.
[28] *See* Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987).
[29] Pisharodi v. Valley Baptist Med. Ctr., 393 F. Supp. 2d 561, 575 (S.D. Tex. 2005).

Defendants argue that Plaintiffs have failed to state a claim for racial discrimination under § 1981 because they do not allege any specific acts of discrimination. The allegations of the Complaint, when read in a light most favorable to Plaintiffs, are that Plaintiffs were targeted because of their Hispanic descent and brought to the United States under false pretenses to be used as forced labor and placed in dangerous working conditions. These allegations are sufficient to state a claim for racial discrimination under § 1981, however, Plaintiffs' claims for national origin discrimination are dismissed.

### E. Trafficking Victims Protection Act

Defendants next seek dismissal of Plaintiffs' claims under the TVPA because they fail to allege sufficient facts to show involuntary servitude or forced labor.   Plaintiffs bring suit under 18 U.S.C. § 1595, which allows an individual who is a victim of a violation under the TVPA to bring a civil action against the perpetrator or anyone who knowingly benefits from the violation.[30] Section 1590 of the TVPA makes it a crime to knowingly recruit, harbor, transport, provide, or obtain by any means, any person for labor or services in violation of the TVPA. Section 1589 makes it a crime to knowingly provide or obtain the labor or services of a person:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person;
> (3) by means of the abuse or threatened abuse of law or legal process; or

---

[30] 18 U.S.C. § 1595.

(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

Plaintiffs' Complaint does not contain an allegation of force, threats, restraint, or fear that they believed they would suffer retribution of any kind for their failure to perform labor. Accordingly, Plaintiffs have failed to state a necessary element to maintain an action under the TVPA, and those claims are dismissed.

### F. Louisiana Victims of Human Trafficking Act

Defendants next move for dismissal of Plaintiffs' claims under the LVHTA. Louisiana Revised Statutes § 46:2163 provides a state law cause of action for victims of human trafficking. Louisiana Revised Statutes § 14:46.2 makes it unlawful "[f]or any person to knowingly recruit, harbor, transport, provide, solicit, receive, isolate, entice, obtain, or maintain the use of another person through fraud, force, or coercion to provide services or labor." Defendants argue that Plaintiffs fail to assert a claim under this statute because they do not allege that they were recruited under "fraud, force, or coercion" as required by the statute. The statute defines "fraud, force, or coercion" as including the following:

> (a) Causing or threatening to cause serious bodily injury.
> (b) Physically restraining or threatening to physically restrain another person.
> (c) Abduction or threatened abduction of an individual.
> (d) The use of a plan, pattern, or statement with intent to cause an individual to believe that failure to perform an act will result in the use of force against, abduction of, serious harm to, or physical restraint of an individual.

11

(e) The abuse or threatened abuse of law or legal process.

(f) The actual or threatened destruction, concealment, removal, confiscation, or possession of any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person.

(g) Controlling or threatening to control an individual's access to a controlled dangerous substance as set forth in R.S. 40:961 et seq.

(h) The use of an individual's physical or mental impairment, where such impairment has substantial adverse effects on the individual's cognitive or volitional functions.

(i) The use of debt bondage or civil or criminal fraud.

(j) Extortion as defined in R.S. 14:66.[31]

Plaintiffs' Complaint does not allege that Defendants engaged in any of the aforementioned acts in soliciting them to come to the United States to work.  Rather, Plaintiffs contend that they were solicited to the United States under a legal work visa program to work as welders.  Although Plaintiffs allege that upon their arrival they worked as general laborers, solicitation under false pretenses does not rise to the level of "fraud, force, or coercion" as defined in the LVHTA. Accordingly, Plaintiffs have failed to state a claim under the LVHTA, and those claims are dismissed.

## G. Craig Masse

Finally, Defendants move for dismissal of the claims against Defendant Craig Masse.  Plaintiffs have not alleged any acts taken personally by Craig Masse or that Craig Masse is a member or officer in any of the defendant entities.  Accordingly, Plaintiffs have not pled a claim against Craig Masse, and he is dismissed from this action.

---

[31] La. Rev. Stat. § 14:46.2.

## CONCLUSION

For the foregoing reasons, all of Plaintiffs' claims against all Defendants are dismissed with prejudice, save their claim for race discrimination under 42 U.S.C. § 1981.  All claims against Craig Masse are dismissed with prejudice.

Plaintiffs were previously granted leave to amend the deficiencies of their Complaint and have failed to do so.  Accordingly, additional leave is not granted.[32]

New Orleans, Louisiana this 20th day of November, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[32] "[U]nless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice." Buc-ee's, Ltd. v. Bucks, Inc., No. 17-818, 2017 WL 4381418, at *10 (S.D. Tex. Aug. 2, 2017).